■ CHRISTOPHER PRINCIPATO, Appellant-Respondent, v NATIONAL GRANGE MUTUAL INSURANCE Co., Respondent-Appellant, and CROCITTO BROTHERS DELICATESSEN, Respondent. [762 NYS2d 884] —In an action for a judgment declaring that the defendant National Grange Mutual Insurance Co. is obligated to defend and indemnify the defendant Crocitto Brothers

Delicatessen in an underlying action entitled *Principato v Crocitto Brothers Delicatessen Inc.*, pending in the Supreme Court, Westchester County, under Index No. 11551/00, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Westchester County (Nastasi, J.), dated March 20, 2002, as, in effect, denied that branch of his motion which was for summary judgment declaring that National Grange Mutual Insurance Co. is obligated to indemnify Crocitto Brothers Delicatessen in the underlying action, and National Grange Mutual Insurance Co. cross-appeals, as limited by its brief, from so much of the same order as granted that branch of the plaintiff's motion which was for summary judgment declaring that it is obligated to defend Crocitto Brothers Delicatessen in the underlying action and as denied its cross motion for summary judgment declaring that it is not obligated to defend and indemnify Crocitto Brothers Delicatessen in the underlying action.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the motion which was for summary judgment declaring that National Grange Mutual Insurance Co. is obligated to defend Crocitto Brothers Delicatessen and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Westchester County, for a hearing to determine the plaintiff's status as an employee under the subject insurance policy and for the entry of an appropriate judgment thereafter declaring the rights and obligations of the parties.

In this action for a declaratory judgment, the Supreme Court properly determined that it was unclear from the terms of the insurance policy at issue whether the plaintiff in the underlying personal injury action would come under the exclusion for "employees" or the exception to that exclusion for "temporary workers." Thus, the existence of this issue of fact required the Supreme Court to deny the motion and cross motion for summary judgment in their entirety.

Therefore, we remit the matter for a hearing and determination of the issue of the plaintiff's status as an employee under the subject insurance policy and, in accordance with said determination, the entry of an appropriate judgment declaring the rights and obligations of the parties. Altman, J.P., Cozier, Mastro and Rivera, JJ., concur.